```
             UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF PENNSYLVANIA


SIMONE JOHNS,                  :
                               :
        Plaintiff              :
                               :
    v.                         :     CIVIL NO. 3:CV-07-0162
                               :
SEARS ROEBUCK & COMPANY,       :     (Judge Kosik)
                               :
                               :
        Defendant
```

## **MEMORANDUM**

*Pro se* plaintiff, Simone Johns, filed the instant action on January 29, 2007. Named as defendant is Sears Roebuck and Company. Along with her complaint, plaintiff filed a request to proceed *in forma pauperis*. For the reasons which follow, we will grant plaintiff's request to proceed *in forma pauperis* for the sole purpose of filing this action and we will dismiss the complaint for a lack of subject matter jurisdiction.

### Background

*Pro se* plaintiff, Simone Johns, filed the instant action against Sears Roebuck and Company on January 29, 2007. In her complaint, plaintiff alleges that the defendant Sears Roebuck and Company installed the wrong air conditioning unit at her residence and that as a result, she sustained damage to her basement and furniture. Plaintiff requests that defendant fix the furnace and air conditioner and pay for the damage to the basement.

## Discussion

Initially, we note that plaintiff alleges no basis for invoking the jurisdiction of this court. The allegations set forth in the complaint appear to set forth a claim in negligence against the defendant.

A federal court, being of limited jurisdiction, has a continuing duty to satisfy itself of jurisdiction before addressing the merits of a case. *Marino v. Sports Authority*, 940 F.Supp. 792, 794 (E.D.Pa. 1996) *citing Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993), *cert. denied sub nom Upp v. Mellon Bank, N.A.*, 510 U.S. 964 (1993). Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. *See*, *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42 (3d Cir. 1990).

A party who asserts jurisdiction in federal court bears the burden of providing that jurisdiction exists. *Boyer v. Snap-On Tool Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). As we indicated above, the *pro se* plaintiff alleges no jurisdictional basis. Because the allegations of the complaint sound in negligence, we will consider whether we have diversity jurisdiction over the instant action. In order to assert a claim pursuant to 28 U.S.C. §1332, the action must be between citizens of different states and the amount in controversy must exceed the sum or value of $75,000.00.

2

We find that the plaintiff has failed to meet her burden of establishing either the diverse citizenship of the parties or an amount in controversy in excess of $75,000.00.  Thus, plaintiff's action could not be brought in federal court.  Because we have determined that we lack subject matter jurisdiction over the instant action, we will dismiss the action *sua sponte*.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMONE JOHNS, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 3:CV-07-0162 |
| SEARS ROEBUCK & COMPANY, | : | (Judge Kosik) |
| Defendant | : | |

## **ORDER**

    AND NOW, THIS 30th DAY OF JANUARY, 2007, IT IS HEREBY ORDERED THAT:

    (1) The plaintiff is **GRANTED** *in forma pauperis* status for the sole purpose of filing this action;

    (2) The above-captioned action is **DISMISSED** *sua sponte* for lack of subject matter jurisdiction; and,

    (3) The Clerk of Court is directed to **CLOSE** this case.


                                               s/Edwin M. Kosik
                                               United States District Judge